IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02592-RBJ

JESSICA THOMAS,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

    Defendant.

---

ORDER

---

    This matter is before the Court on defendant American National Property and Casualty Company's ("American National") motion for summary judgment. ECF No. 33. This motion has been fully briefed. *See* ECF Nos. 33, 36, 38. After reviewing the parties' filings, I find that a genuine dispute of material fact exists over whether plaintiff Jessica Thomas was a "resident" of her parents' home at the time of the car accident giving rise to this suit, and therefore whether she was an "insured person" covered under the uninsured/underinsured motorist ("UM/UIM") provision of her parents' automobile insurance policy with American National. *See* ECF No. 33-3 (plaintiff's parents' policy); *Iowa Nat. Mut. Ins. Co. v. Boatright*, 516 P.2d 439, 440 (Colo. App. 1973) (laying out that factors Colorado courts consider when deciding whether someone was a "resident" of a policyowner's home and explaining that "when there is a conflict in the evidentiary facts necessary for resolution of the issue, residence, so far as coverage under the policy is concerned, is a question of fact and must be decided by the trier of fact").

For instance, the parties disagree over the extent of plaintiff's living arrangement at her parent's home around the time of the accident in 2015.[1] *Compare* Aff. of Jessica Thomas Ballinger, ECF No. 36-2 at ¶6 ("I spent approximately 120 days and 103 nights living at my parents' house.") *with* Dep. of Jessica Thomas, ECF No. 33-1 at 44:5–16 (explaining that plaintiff lived at her parents' home between March 10, 2015 and May 25, 2015, as well as for some "other weekends" that year). Furthermore, they disagree over whether plaintiff herself believed she was a resident of her parent's home, and therefore whether she believed that she was covered under her parents' policy. *Compare id.* at 53:3–9 *with* ECF No. 36-2 at ¶11.

Although plaintiff's case may be a weak one, I find that defendant has failed to meet its burden to show that "there is an absence of evidence to support [Ms. Thomas'] case" and that it is therefore entitled to a summary judgment in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Defendant's motion for summary judgment is therefore DENIED.

DATED this 22nd day of March, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[1] Defendant alleges plaintiff submitted her affidavit in an attempt to "create a sham fact issue" and thus preclude summary judgment. *See* ECF No. 38 at 2 (citing *Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1169 (10th Cir. 2009)). However, even if that were true, defendant's motion must still be denied because a fact question exists over whether plaintiff's parents believed and intended that plaintiff was covered under their policy with American National. *See, e.g.*, ECF No. 36-3 at 1; ECF No. 36-4; ECF No. 33-4 at 2; *see also Boatright*, 516 P.2d at 127 (listing the intent of parties to an insurance contract as one factor to consider).